# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JEHOVAH JAHWEH JULMICE,**
a/k/a **JAHWEH JEHOVAH YAHSHUA JULMICE,**
a/k/a **LEOPOLD JULMICE,**

    Plaintiff,

vs.                                            Case No.  4:20cv475-MW-MAF

**DONALD JOSEPH TRUMP,**
**RON DESANTIS,**
**and CHAD POPPELL,**

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, initiated this case on September 30, 2020, by submitting a civil rights complaint, ECF No. 1, pursuant to 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983.  However, Plaintiff did not pay the filing fee for this case or file an in forma pauperis motion.  Thus, an Order was entered on October 2, 2020, directing Plaintiff to do one or the other if he wanted to proceed.  ECF No. 3.  In addition, Plaintiff was required to file a response to the Order which clarified his status, ECF No. 3, explaining whether he is a convicted prisoner, a pretrial detainee, or a

civilly committed detainee.  *See* 28 U.S.C. § 1915(g).  When Plaintiff did not respond to that portion of the Order by the deadline provided, a second Order was entered, ECF No. 4, which again directed Plaintiff to clarify the basis for his detention at the North Florida Evaluation and Treatment Center.  If possible, Plaintiff was requested to submit a copy of any documentation he has which explains why he is at the Treatment Center.

Plaintiff's deadline to submit his clarification <u>and</u> either file an in forma pauperis motion or pay the filing fee was **October 30, 2020**.  As of this date, Plaintiff has not complied.  Plaintiff has, however, submitted a one sentence request to "award a grant a court order a fine cost of money to my impeachment [sic]."  ECF No. 5.  That document is frivolous and nonsensical.

Because Plaintiff is either unwilling or unable to comply with the prior Orders, this case should now be dismissed.  Plaintiff has twice been warned that if he failed to comply with those requirements, a recommendation would be made to dismiss this case.  ECF Nos. 3-4.  Dismissal is now appropriate.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiff did not comply with Orders of this Court, dismissal without prejudice is now appropriate.  Plaintiff may re-file this case if he is willing to either pay the filing fee or submit an in forma pauperis motion.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on November 5, 2020.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**